ASSOCIATION FOR FAIRNESS IN BUSINESS, INC., a New Jersey Non–Profit Corporation, Plaintiff,

v.

The State of NEW JERSEY, The New Jersey Casino Control Commission, a Public Body Corporate and Politic of the State of New Jersey, John J., Farmer, Jr., Esq., Attorney General of the State of New Jersey, and James R. Hurley, Chairperson of the New Jersey Casino Control Commission, Defendants,

v.

New Jersey Chapter of the National Association of Minority Contractors; Northern New Jersey Chapter of the National Association of Black Accountants Inc.; Garden State Bar Association; Evanbow Construction Co., Inc.; New Life Group Co.; Powell Steel Corporation; Boone Enterprises and Distribution Systems, Inc.; Johnson Jones Architects/Planners, P.A.; Fry Williams & Co., P.A.; and Michael A. Armstrong, Proposed Defendants-Intervenors.

Civil Action No. 99–5733.

United States District Court, D. New Jersey.

April 18, 2000.

Salvatore Perillo, Perskie, Nehmad & Perillo, P.C., Atlantic City, NJ, for Plaintiff, Association for Fairness in Business Inc.

John J. Farmer, Jr., Attorney General of New Jersey, Mark Turner Holmes, Deputy Attorney General, Trenton, NJ, for Defendants, State of New Jersey and John J. Farmer, Jr., Attorney General of New Jersey.

John R. Zimmerman, General Counsel, New Jersey Casino Control Commission, David C. Missimer, Assistant General Counsel, Atlantic City, NJ, for Defendants, New Jersey Casino Control Commission and James R. Hurley, Chairman, New Jersey Casino Control Commission.

John J. Gibbons, Lawrence S. Lustberg, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., Newark, NJ, Theodore M. Shaw, Norman J. Chachkin, NAACP Legal Defense & Education Fund, Inc., New York City, for Proposed Defendants–Intervenors, New Jersey Chapter of the National Association of Minority Contractors; Northern New Jersey Chapter of the National Association of Black Accountants, Inc.; Garden State Bar Association; Evanbow Construction Co., Inc.; New Life Group Co.; Powell Steel Corporation; Boone Enterprises and Distribution Systems, Inc.; Johnson Jones Architects/Planners, P.A.; Fry Williams & Co., P.A.; and Michael A. Armstrong.

## OPINION

ORLOFSKY, District Judge.

This case requires me to decide whether beneficiaries of a state-sponsored minority set-aside program should be allowed to intervene as defendants in this matter on the ground that the State of New Jersey, charged with defending the program, has failed to represent their interests adequately. On December 9, 1999, the Association for Fairness in Business, Inc. ("the Associa-

tion"), a non-profit corporation whose members contract to provide goods and services to gambling casinos in Atlantic City, New Jersey, filed a Verified Complaint and Demand for Jury Trial against the State of New Jersey, the New Jersey Casino Control Commission, the Attorney General of New Jersey, and the Chairperson of the New Jersey Casino Control Commission. The Complaint alleged, among other things, that the minority "set-aside" provisions of the New Jersey Casino Control Act and the regulations promulgated pursuant to that Act violated the Equal Protection Clause of the Fourteenth Amendment.

On February 8, 2000, I issued a preliminary injunction, finding that the challenged statutory and regulatory provisions did in fact violate the Constitution. *See Association for Fairness in Business Inc. v. New Jersey*, 82 F.Supp.2d 353 (D.N.J.2000). On March 23, 2000, the New Jersey Chapter of the National Association of Minority Contractors, the Northern New Jersey Chapter of the National Association of Black Accountants, the Garden State Bar Association, and seven minority-owned businesses ("Proposed Defendants–Intervenors") filed a motion to intervene as defendants in this litigation in order to persuade this Court that a permanent injunction should not issue. The Proposed Defendants–Intervenors contend that the State of New Jersey, which has defended the "set-aside" program thus far, has inadequately represented their interests.[1] For the reasons set forth below, I shall grant the motion to intervene.[2]

## I. The Legal Standard Governing Motions to Intervene

■ The legal standard governing intervention is set forth in Federal Rule of Civil Procedure 24. The rule provides, in relevant part:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24. The principal dispute between the Proposed Defendants–Intervenors and the Association, which opposes intervention, revolves around whether the Proposed Defendants–Intervenors may intervene as of right.[3] Under this Circuit's interpretation of Rule 24(a), the Proposed Defendants–Intervenors may intervene as of right only if: (1) their motion to intervene has been timely filed; (2) they have an interest relating to the case; (3) their ability to protect this interest could possibly be impaired in the absence of intervention; and (4) the State has inadequately represented the interest of the Proposed Defendants–Intervenors in this action. *See Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir.1998).

---

**1.** In a letter dated April 5, 2000, the State and Attorney General Farmer informed the Court that: "Although the State defendants disagree with the proposed intervenors' contention that we did not adequately represent their interests, we believe that, in fairness, the proposed intervenors should be allowed an opportunity to present the arguments they allege were not previously made to the Court. Therefore, the State defendants submit that the defendants-intervenors' motion should be granted."

**2.** Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1367.

**3.** While both parties address the possibility of permissive intervention in this case, my conclusion concerning the Proposed Defendants–Intervenors' application to intervene as of right obviates the need for me to consider this alternative ground for intervention.

## II. The Application of the Legal Standard Governing Motions to Intervene to This Case

In opposing intervention as of right, the Association addresses only the final prong of the applicable standard.[4] The Association contends that the State can be found to have inadequately represented the interests of the Proposed Defendants–Intervenors only upon a showing of bad faith, malfeasance, collusion, or adverse interest on the part of the State. The Association asserts not only that the Proposed Defendants–Intervenors have failed to make such a showing—indeed, the Association argues that bad faith, malfeasance, collusion, and adverse interest have not even been alleged—but also that little will be gained by permitting intervention. It argues that no evidence of discrimination in the casino industry is present in the existing record and that discovery will not produce any such evidence. The Association refers specifically to reports by the Casino Control Commission which indicate that in accordance with the mandated set-aside program, casino licensees have purchased well in excess of 15-percent of their goods and services from minority and women-owned businesses since 1994.

▮ The Association, however, misstates the standard to be applied when determining whether a party's interests are adequately represented for intervention purposes. Generally speaking, the requirements for intervention as of right are satisfied where an "applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir.1995) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972)). In circumstances where the Government is the representative party, a proposed intervenor may carry a heavier burden, but the inquiry is still a case-specific one:

> The burden of establishing inadequacy of representation by existing parties varies with each case. A government entity charged by law with representing a national policy is presumed adequate for the task, particularly when the concerns of the proposed intervenor, e.g., a "public interest" group, closely parallel those of the public agency. In that circumstance, the would-be intervenor must make a strong showing of inadequate representation. But the presumption notwithstanding, when an agency's views are necessarily colored by its view of the public welfare than the more parochial views of a proposed intervenor whose interest is personal to it, the burden is comparatively light.

*Kleissler*, 157 F.3d at 972 (citations and quotations omitted). "Rule 24 demands flexibility when dealing with the myriad situations in which claims for intervention arise." *Id.* Representation will be considered inadequate if: (1) the interests of the applicant and of the representative party diverge; (2) the representative party and the opposing party collude; or (3) the representative party does not diligently pursue the lawsuit. *See Brody v. Spang*, 957 F.2d 1108, 1123 (3d Cir.1992).

▮ I conclude that the circumstances of this case warrant intervention by the Proposed Intervenor–Defendants. At the time the Proposed Defendants–Intervenors filed their motion to intervene, the State of New Jersey was considering entering into a consent decree which would have converted the preliminary injunction I issued on February 8th into a permanent injunction. While a decision by the State not to litigate this case on the merits does not necessarily mean that the State failed to pursue its case against the Association diligently, *see Brody*, 957 F.2d at 1123–24, it may reflect interests that are divergent from the interests of the Proposed Defendants–Intervenors.[5] In the aftermath of my February 8th decision, the Attorney General of New Jersey, commenting on the

---

4. The Association does not dispute whether the Proposed Defendants–Intervenors can satisfy the other prongs.

5. There have been no allegations of collusion on the parts of the Association and the Government nor is there any evidence of any collusion.

case, informed reporters that the State "think[s] there is a serious problem defending these programs. We're concerned about getting an appellate-level decision that calls into question the entire state system." Kathy Barrett Carter, "New Jersey Governor May Move to Blunt Impact of Affirmative Action Rulings," *Star–Ledger,* March 6, 2000, *cited in* Corrected Mem. of Law Supp. Mot. to Intervene at 2 (received Mar. 29, 2000). That the State would consider sacrificing one affirmative action program to preserve others is not surprising. Government-sponsored affirmative action programs have come under assault nationwide. In many instances, government entities defending such programs have had to make tactical decisions to avoid rulings that would hold sweeping, negative effects for affirmative action generally, even if such decisions guarantee defeat for affirmative action in a particular instance. In other words, "the government represents numerous complex and conflicting interests in matters of this nature," *Kleissler,* 157 F.3d at 973 (referring to the environment). The result in this case is that the "parochial" interests of the Proposed Defendants–Intervenors may not be adequately represented. In such circumstances the burden the Proposed Defendants–Intervenors must carry to demonstrate that they should be permitted to intervene as of right "is comparatively light." *Kleissler,* 157 F.3d at 972.

The particular circumstances of this case suggest that intervention of right is appropriate. We are still in the very preliminary stages of this litigation. The Complaint in this case was filed in December, 1999, and I issued the preliminary injunction on February 8, 2000. Consequently, there has been limited opportunity for discovery. The thin record upon which the State opposed the preliminary injunction indicates as much. The Association asserts that intervention would be pointless in this case because there is no evidence that could be produced through discovery that would save the set-aside program. As noted by the Proposed Defendants–Intervenors, however, such evidence may exist on the record that is currently before the Court. *See* Corrected Mem. of Law Supp. Mot. to Intervene at 19–21. The State failed to offer arguments concerning some of the most relevant portions of its own evidence. Intervention is appropriate where a representative party fails to make arguments in the interest of the proposed intervenors. *See Development Finance Corp. v. Alpha Housing & Health Care, Inc.,* 54 F.3d 156, 163 (3d Cir.1995). Moreover, discovery is necessary precisely to determine whether evidence that would support the constitutionality of the set-aside program exists. The statistics provided by the Association concerning the amount of goods and services that have been purchased by casino licensees from minority-owned businesses since 1994 do not preclude the possibility that the Proposed Defendants–Intervenors will be able to develop evidence and arguments that will enable them to present a successful defense of the set-aside program.

In sum, the interests of the State in this case are divergent from the interests of the Proposed Defendants–Intervenors and the abbreviated record before this Court reveals not only that there has been limited opportunity to conduct discovery that might support the interests of the Proposed Defendants–Intervenors, but also that the State has failed to make arguments on the basis of its own evidence that are consistent with those interests.

### III. Conclusion

For the reasons set forth above, the motion of the Proposed Defendants–Intervenors to intervene shall be granted. An appropriate order shall be entered by the Court.